(No. 81-CC-2583–)

ECONOMY FIRE & CASUALTY COMPANY, as subrogee of York-town Insurance Agency, Inc., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 8, 1984.*

ORNER, WASSERMAN & MOORE, LTD. (ESTHER J. SCHWARTZ, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (EDWARD C. HURLEY III, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim is for property damages due to an automobile accident which occurred on January 8, 1981, along Skokie Boulevard at or near its intersection with Oakton Avenue in the city of Niles, county of Cook, and State of Illinois. The Claimant's automobile was being driven by an agent of the Claimant, Gordon Faller. The Respondent's vehicle was being driven by an employee of the State of Illinois, Morton Friedman. Claimant has brought this tort action under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d)) seeking to recover property damages in the amount of one thousand one hundred twenty seven and 25/100 ($1,127.25) dollars. Claimant, Yorktown Insurance Agency paid two hundred ($200.00) dollars, and Claimant,

Economy Fire & Casualty paid nine hundred twenty seven and 25/100 ($927.25) dollars.

Southbound Skokie Boulevard approaching Oakton Avenue is four lanes. The far left lane is a left-turn-only lane, the middle two lanes are for through traffic, and the far right lane is a right-turn-only lane. This right-turn-only lane only existed for approximately three quarters of a block prior to Oakton Avenue.

The testimony at the trial was that both vehicles were southbound in the right hand middle or through lane. The Claimant's vehicle entered into the far right-hand lane (right turn only) shortly after said lane came into existence. The Respondent's vehicle, which was in front of the Claimant's vehicle, entered into the right-turn-only lane sometime later. The Respondent's vehicle came to a stop and was struck from behind by the Claimant's vehicle.

The Claimant testified that he was proceeding south-bound on Skokie Boulevard at approximately 20 to 25 miles per hour in the right-turn lane intending to make a right turn onto Oakton Street. Claimant further testified that Respondent's vehicle swiftly changed lanes and suddenly came to a stop in the right-turn lane causing Claimant's vehicle to rear end Respondent's vehicle.

Respondent testified that he pulled into the right-turn lane and a vehicle in front of him stopped. Respondent stopped and was struck from behind by the Claimant.

Rear end collisions are generally decided on the facts of each case. Obviously, each driver in a situation such as set forth in the instant case has certain duties. A driver approaching another vehicle from the rear has a duty to maintain a safe lookout and must take into account the prospect of having to stop his vehicle

suddenly. (*Polke v. Phillips* (1980), 86 Ill. App. 3d 677, 408 N.E.2d 348.) Furthermore, a motorist has a duty to signal for a turn or lane change and the further duty of not making such a turn or a lane change until it is reasonably safe to do so. (Ill. Rev. Stat., ch. 95½, par. 162A; *Corder v. Smythers* (1967), 86 Ill. App. 2d 37; *Piper v. Lamb* (1960), 27 Ill. App. 2d 99.) Therefore, it does not follow that every person who is struck from the rear is entitled to a judgment as a matter of law. *Ryon v. Javior* (1979), 69 Ill. App. 3d 946, 387 N.E.2d 936.

In the instant case, the evidence shows that the Respondent changed lanes when it was not reasonably safe and that the Claimant did not maintain a proper lookout to avoid the accident in question. Thus, the Claimant's comparative negligence is attributed to the accident. The Court finds that the Respondent was 25% negligent and the Claimant was 75% negligent. The evidence is not in dispute that the Claimant incurred one thousand one hundred twenty seven and 25/100 ($1,127.25) dollars in damages. The award herein, therefore, shall be 25% of said sum or two hundred eighty one and 81/100 ($281.81) dollars.